IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN UNITED INSURANCE COMPANY, dba AAA INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>JANELLE HEIGHTON; PHH MORTGAGE CORPORATION,<br><br>          Defendants.<br><br>PHH MORTGAGE CORPORATION,<br><br>          Counterclaim Plaintiff,<br><br>vs.<br><br>WESTERN UNITED INSURANCE COMPANY, dba AAA INSURANCE COMPANY,<br><br>          Counterclaim Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14CV435DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Western United Insurance Company dba AAA Insurance Company's ("AAA") Motion for Summary Judgment and Defendant PHH Mortgage Corporation's Motion for Partial Summary Judgment. On August 24, 2016, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Ronald J. Cook and Defendant was represented by Anthony C. Kaye and Zaven A. Sargsian. The court has carefully

considered the materials submitted by the parties, as well as the facts and law relevant to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

AAA brought this declaratory judgment action regarding insurance coverage for a property destroyed by a rockfall/landslide. In November 2006, AAA sold a homeowners insurance policy to the property owner, Maureen Morris. The mortgage Ms. Morris secured from Defendant PHH required that she buy and maintain first party property insurance coverage and that the policy name PHH as "loss payee" so that PHH would be paid alongside the named insured in the event of damage to the property.

Ms. Morris' property is located in Rockville, Utah, near Zion National Park. The property sits at the base of a steep slope known as the Rockville Bench, which rises approximately 1,000 feet above the house. On December 12, 2013, a large rock mass detached from the Shinarump Conglomerate cliff capping the Rockville Bench and fell onto the steep slope below the cliff where it shattered into massive fragments and then rolled and bounced downslope until the rock-fall debris reached Ms. Morris' home, totally destroying the home, detached garage, and a car parked in the driveway. Tragically, Ms. Morris and her husband were in the home at the time and were killed.

Following the loss, Ms. Morris' daughter and heir, Janelle Leighton, submitted an insurance claim to AAA under the homeowner's policy. AAA investigated the loss and concluded that, with the exception of some limited personal property coverage, the policy excluded coverage for the remainder of the damage due to an exclusion for earth movement.

The policy's "earth movement" exclusion is defined in relevant part to include a

"landslide, mudslide, or mudflow."  The policy also provides that "earth movement" can include "any other earth movement including earth sinking, rising or shifting, including any natural or artificially created loss of any kind attributable in whole or in part to any movement of the earth or soil of the earth or soil, whether on or off of the 'residence premise," that is caused by, resulting from, contributed to or aggravated by rain or snow, including run-off from same."

There are also policy provisions regarding coverage in the event of collapse.  The parties agree that the house and garage collapsed when they were hit by the rockfall/landslide.  However, AAA declined coverage under the collapse provisions because that type of coverage does not apply when the collapse results from earth movement.

After AAA denied the claim, Leighton and Defendant PHH informed AAA that they intended to challenge the decision.  AAA then filed the present declaratory relief action.  After service, Leighton decided not to litigate the dispute.  Defendant PHH, however, contested AAA's denial of coverage that the rockfall constitutes earth movement and filed counterclaims for declaratory judgment, breach of contract-mortgage clause, breach of contract third-party beneficiary theory and loss payable clause, and breach of implied covenant of good faith and fair dealing.

## DISCUSSION

### Cross Motions for Summary Judgment

AAA seeks summary judgment on its complaint for declaratory judgment and Defendant PHH's counterclaims, arguing that the property loss is not covered under the "earth movement" exclusion in Ms. Morris' homeowner's policy.  PHH seeks partial summary judgment on its declaratory judgment claim that the loss is covered by the policy and that AAA is required to pay PHH an amount sufficient to cover the outstanding mortgage debt.

It is undisputed that a rockfall destroyed the property. However, the parties dispute whether the rockfall in this case is a landslide. Landslide damage is specifically excluded from coverage under the "earth movement" exclusion in the policy. The parties agree that the terms of an insurance policy are construed according to their "plain and ordinary meaning." *Holmes Dev., LLC, v. Cook*, 48 P.3d 895, 902 (Utah 2007). The individual provisions of the insurance policy are construed "in light of the policy as a whole." *Id.* And, insurers may only "exclude from coverage certain losses by using 'language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided.'" *Alf v. State Farm Fire and Cas. Co.*, 850 P.2d 1272, 1275 (Utah 1993) (quotation omitted).

Utah insurance law governs this diversity action. Utah courts have consistently enforced earth movement exclusions in homeowner's insurance policies. In *Village Inn Apartments v. State Farm*, 790 P.2d 581, 583 (Utah Ct. App. 1990), the court concluded that the term "earth movement" was not ambiguous. In *Alf v. State Farm Fire and Cas. Co.*, 850 P.2d 1272, 1275 (Utah 1993), the court enforced an "earth movement" exclusion and explained that a mere disagreement between the parties about a term's meaning did not create an ambiguity. The court also rejected the insured's attempt to rely on the "reasonable expectations doctrine." *Id.* ("[T]his court recently addressed the validity of the reasonable expectations doctrine in *Allen v. Prudential Property & Casualty Insurance Co.* and declined to adopt it as the law in Utah.")

No Utah appellate court has specifically addressed whether naturally occurring rockfall damage is excluded earth movement under an earth movement exclusion in an insurance policy. However, in *Dupps v. Travelers Ins. Co.*, 80 F.3d 312 (8th Cir. 1996), the Eight Circuit held that "the ordinary meaning of the term 'landslide' includes rocks falling down a bluff." *Id.* at 314. Relying on the Random House Dictionary, the court stated that "'landslide' is defined as the

downward falling or sliding of a massive soil, detritus, or rock on or from a steep slope." *Id.* The *Dupps* court held that the policy was not ambiguous as a matter of law because "the only reasonable interpretation of the policy prohibits recovery for rocks which have fallen on the Duppses' property." *Id.*

In *Murray v. State Farm*, 509 S.E.2d 1 (W. Va. 1998), the West Virginia Supreme Court concluded that the plain and ordinary meaning of "landslide" in State Farm's earth movement exclusion includes "a sliding down of a mass of soil or rock on or from a steep slope. . . . A naturally-occurring 'rockfall' is included within the common definition of 'landslide.'" *Id.* at 8.

Also, in another case very similar to the present case, *Parker v. Safeco Ins. Co. of Am.*, 2016 MT 173, 376 P.3d 114 (Mont. 2016), "a large boulder dislodged from a hillside several hundred feet from [a] cabin . . . . fell down the hillside and into [the] unoccupied structure." *Id.* at 116.  The *Parker* court explained "the common understanding of the term landslide is a movement, falling or sliding of whatever is on the surface of the earth and some distance below the surface.  Clearly, in many instances this would include both soil and rocks of varying size." *Id.* at 118.

To assert that a rockfall cannot be considered a landslide, PHH relies on Ms. Morris' application for insurance which asked whether there were "any hazards present [on the property] including flooding, brush, forest fire hazard, landslide, etc.," or whether there had "been any slipping, sinking or shifting of land, or other earth movement in the area."  Ms. Morris answered "no."  PHH surmises that this answer means that Ms. Morris did not understand rockfalls to be a type of landslide or that the provision was not clear.  However, why Ms. Morris answered the

question the way she did is unknowable.  PHH's position is pure speculation.[1]

PHH further asserts that the fact that AAA inspected the property as part of the underwriting process and was aware that the property was located in a high rock-fall zone demonstrates that AAA did not believe that the terms rockfall and landslide were synonymous.  However, this argument assumes that AAA would not have issued the policy in a high rockfall zone, which is not the case.  Insurers frequently issue policies for homeowners insurance in areas where multiple exclusions could apply.

Even if the court accepts that rockfalls are covered by the word landslide, PHH contends that the term landslide is ambiguous because it can be interpreted to include a rockfall or not to include a rockfall.  The term "landslide" is not defined in the policy.  Rather, it is a term used to help define "earth movement" along with the words "mudslide" and "mudflow."  Although the term "rockfall" is not a term included to help define the term "earth movement," it is subsumed by the term landslide.  PHH asserts that the exclusion's addition of the terms mudflow and mudslide, which could also be subsumed in the term landslide, means that the exclusion only applies to the movement of soil.  However, those terms do not restrict the exclusion's application and do not alter the plain and common meaning of the term landslide.  No reasonable interpretation of the term landslide would include only the movement of soil.

While some courts have found certain earth movement provision to be ambiguous, PHH

---

[1] Moreover, the reasonable expectations doctrine has been rejected in Utah.  *See Allen v. Prudential Prop. & Cas. Ins.*, 839 P.2d 798, 805-06 (Utah 1992).  The reasonable expectations doctrine purportedly takes into account the reasonable expectations of a reasonable insured.  Thus, even if it applied, the question would be what a reasonable insured would reasonably expect to be covered, not what Ms. Morris believed.  The fact that Ms. Morris stated in her application that her house was not at risk for hazards such as landslides, floods, or fires is irrelevant.

is unable to cite to any court holding that the plain and ordinary meaning of the term landslide would not include a rockfall such as the rockfall in this case.  The common understanding of the term landslide includes rocks and soil falling down a slope.  The court finds nothing ambiguous about the policy's use of the term "landslide" as an example of earth movement.  The court also finds nothing ambiguous about whether the term "landslide" would apply to the situation before the court.  Although there could possibly be a rock fall that is not considered a landslide, such a possibility does not make the use of the term landslide ambiguous and whether such a rock fall would constitute earth movement under AAA's policy is not before the court.  This is not a case where a single 2700 ton rock broke off of an overhang and fell directly onto a house below without coming into contact with any other soil or organic materials.  The 2700 ton piece of the bluff broke off, hit a steep slope, and triggered a downward shifting of a mass of rocks and soil toward Ms. Morris' house.  This case involves a plain and ordinary example of a landslide.

      PHH tries to force an ambiguity where none exists.  However, ambiguity can only be found in Utah if the plain wording of the policy does not resolve the coverage questions.  The test for facial ambiguity is whether the term landslide can be subject to more than one reasonable interpretation.  In *Alf,* the Utah Supreme Court explained that a mere disagreement between parties about the meaning of a term does not create an ambiguity.  850 P.2d at 1275.  Discussing a case involving whether a dam break and subsequent flood constituted a flood, the court noted that courts will not force an ambiguity in order to resolve a claim against an insurance company. *Id.* n.14.

      While this court agrees that insureds should receive as much coverage as possible under an insurance policy, this court cannot rewrite the policy.  The policy excludes coverage for a

landslide and the loss of Ms. Morris' house was caused by a landslide.[2] Therefore, the court grants AAA's motion for summary judgment that there is no insurance coverage under Ms. Morris' homeowner's policy for the destruction of her house and detached garage under the earth movement exclusion in the policy. AAA is also entitled to summary judgment on PHH's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing.[3] Accordingly, PHH's motion for partial summary judgment on the coverage issue is denied.

## CONCLUSION

Based on the above reasoning, Plaintiff AAA's Motion for Summary Judgment is GRANTED. Defendant PHH Mortgage Corporation's Motion for Partial Summary Judgment is DENIED. Because this order disposes of all the claims at issue in the case, the Clerk of Court is directed to enter judgment in favor of Plaintiff and close the case. Each party shall bear its own fees and costs.

DATED this 14th day of September, 2016.

_____
DALE A. KIMBALL
United States District Judge

---

[2] The policy's earth movement exclusion in both the original and amended policy also excludes "any other earth movement," but the court concludes that it is not necessary to rely on the catchall provision when the landslide provision clearly applies to the present case.

[3] Although the court grants AAA's motion for summary judgment on the coverage claims, which essentially makes PHH's bad faith counterclaim moot, the court notes that even if the court had found coverage, AAA's denial of the claim was fairly debatable. If an insurer acts reasonably in denying a claim, Utah law is clear that the insurer did not contravene the implied covenant of good faith and fair dealing. *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 533 (Utah 2002). Whether the denial is fairly debatable is a question of law for the court. *Young v. Fire Ins. Exch.*, 182 P.3d 911, 917 (Utah Ct. App. 2008). Every reported decision to decide the issue has held that a rockfall is a landslide. Therefore, AAA's denial of the loss under the landslide exclusion was fairly debatable.